## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **SUSAN HESTER CARRILLO,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | No.  3:26-CV-00712-LS |
| | § | |
| **KAMALA HARRIS,** | § | |
| | § | |
| *Defendant.* | § | |

### MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

*Pro se* plaintiff sues former Vice-President Kamala Harris. The Court dismisses the lawsuit with leave to amend.

**1. Proceeding In Forma Pauperis.**

I grant Ms. Carrillo's motion to proceed *in forma pauperis* ("IFP")[1] because of the financial information contained within it.

**2.  Legal Standards.**

Ms. Carrillo's complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). The statute provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.[2]

A complaint is frivolous if it lacks an arguable basis in law or fact.[3] The dismissal standards for failure to state a claim are the same under § 1915(e)(2)(B)(ii) and Federal Rule of Civil

---

[1] ECF No. 1.
[2] 28 U.S.C. § 1915(e)(2)(B).
[3] *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

Procedure 12(b)(6).[4] A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face if it is to survive a motion to dismiss.[5] The complaint need not contain "detailed factual allegations" but must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[6]

A court must consider the allegations in a *pro se* plaintiff's complaint liberally.[7] *Pro se* status does not, however, afford a plaintiff an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."[8]

### 3. Ms. Carrillo's Complaint Fails to State a Claim.

Ms. Carrillo alleges that former Vice-President Harris has organized attacks upon her and sent members of Black Lives Matters to stalk her.[9] She also alleges that her family members have been attacked and her financial information has been stolen.[10] She alleges that Vice-President Harris interfered with a former lawsuit she filed and prevented it from being served.[11] She also alleges that the Biden-Harris administration's executive orders regarding immigration prevented her from finding housing while she lived in New York.[12]

Ms. Carrillo's complaint does not identify a viable cause of action and therefore fails to state a claim on which relief may be granted. Additionally, her complaint contains no "short and

---

[4] *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[7] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[8] *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).
[9] ECF No. 1-1 at 6–7.
[10] *Id.* at 7.
[11] *Id.*
[12] *Id.* at 5–6.

plain statement of the grounds for the court's jurisdiction," as is required under the Federal Rules of Civil Procedure.[13]

**4. Leave to Amend.**

Courts should ordinarily grant a *pro se* plaintiff leave to amend a complaint before dismissing the case unless the plaintiff has already pled her "best case."[14] Accordingly, the Court grants Ms. Carrillo until **March 30, 2026**, to file a viable amended complaint. Failure to do so will result in a final judgment of dismissal.

### CONCLUSION

The Court **GRANTS** the motion to proceed in forma pauperis [Doc. No. 1] and **DISMISSES** this lawsuit with leave to file an amended complaint on or before **March 30, 2026**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on March 16, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[13] Fed. R. Civ. P. 8(a)(1).
[14] *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009).